UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAIL SCHECHTER,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS COLLINS,<br>Secretary of Veterans Affairs,<br><br>    Defendant. | Civil Action No. 25-0551 (RC) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

    Plaintiff's Notice of Supplemental Authority (ECF No. 7) attaches an order from the Merit Systems Protection Board ("MSPB" or "Board") from February 25, 2025, staying the termination of a single "relator," a probationary employee.  *See* MSPB Stay Order (ECF No. 7 at 12) ("a 45-day stay of the relator's probationary termination is GRANTED").  The "relator" is defined as a single "John Doe" in the order.  *Id.* n.1 (ECF No. 7 at 5).  Based on that order, Plaintiff purports to modify her requested preliminary injunction to include a request "this Court immediately issue an ORDER to the Veterans Administration [sic] to return Plaintiff to work while she litigates the matters raised in the Complaint." Not. Supp. Auth. (ECF No. 7 at 1).

    As an initial matter, Plaintiff's notice is improper.  Plaintiff cites nothing that permits her to modify her motion's requested relief the evening when Defendant's opposition to her motion is due based on an administrative order that came about three days before Plaintiff filed her motion.  Plaintiff's untimely and procedurally odd filing plainly prejudices Defendant.

    Moreover, on the merits, Plaintiff's request fails.  The Board order cited by Plaintiff clearly does not apply to Plaintiff in this case.  The Board's order is the result of a request filed by the

- 2 -

Office of Special Counsel on behalf of a single employee, not Plaintiff.  MSPB Stay Order (ECF No. 7 at 6).  That request specifically sought relief for a single complainant, unrelated to Plaintiff. *Id.*  As such, it affords Plaintiff no basis for the Court (or any tribunal) to return her to work while her suit in this Court proceeds.

Notably, the Board's stay order further underscores that Plaintiff has filed this dispute in the wrong forum.  As did the "relator" in the cited Board order, Plaintiff could have pursued her termination via the Office of Special Counsel and the Board in the first instance.  Instead, Plaintiff opted to file her suit with this Court, contrary to controlling law.

| | |
|---|---|
| Dated: March 10, 2025 | Respectfully submitted, |
| | EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney |
| | BRIAN P. HUDAK<br>Chief, Civil Division |
| | By:   */s/ Benton Peterson*<br>BENTON PETERSON, Bar #1029849<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2534 |
| | *Attorneys for the United States of America* |